## No. 9900.

### WOODWARD *v.* WALKER.

Decided December 5, 1921.  Rehearing denied January 9, 1922.

Action for cancellation of a contract for purchase and sale of real property and ouster. Judgment for plaintiff.

*Affirmed.*

1. APPEAL AND ERROR—*Findings of Trial Court.* Findings of the trial court, based on conflicting testimony, which are supported by the evidence; and the judgment based thereon, will not be disturbed on review.

*Error to the District Court of the City and County of Denver, Hon. Greeley W. Whitford, Judge.*

Mr. H. V. JOHNSON, for plaintiff in error.

Mr. REES D. REES, Mr. BERT MARTIN, for defendant in error.

MR. JUSTICE BAILEY delivered the opinion of the court.

SUIT was by Cora M. Walker for cancellation of a contract of purchase and sale, entered into between herself and the defendant, Woodward, and for ouster. As grounds for such relief plaintiff alleges that the contract was obtained

by misrepresentations and deceit, and with the deliberate, wilful and malicious intent to cheat and defraud. Judgment was prayed in the sum of $500.00 damages, for a body judgment and for confinement of the defendant in the county jail until whatever judgment might be recovered should be paid. Findings and decree were for plaintiff, ousting defendant from the premises, cancelling the contract, and for $332.00 damages, and defendant was ordered imprisoned for six months, unless the judgment and costs were sooner paid. This judgment defendant brings here for review.

The contract was for the purchase and sale of a house and lot in Denver, owned by plaintiff, and then occupied by Woodward as tenant. It provided in substance that the purchase price was $5,000.00, of which $100.00 was to be paid down, the balance within twenty days from August 5th, 1919, the date of the contract, and in case of failure to pay such balance within the time limit the contract was to be terminated and all payments made forfeited. The further payment of $50.00 was made on August 25th, and two others, after the twenty day limit had expired, $100.00 on September 25th and $150.00 on October 25th, making a total payment of $400.00 on the property.

The allegations of fraud and deceit are based upon statements said to have been made by Woodward to Mrs. Walker to the effect that he had an interest in a trust fund in the east, from which he could pay the balance of the purchase price when due; and also that he was interested in certain oil speculations in Wyoming, that a well was being drilled which was nearly to the oil, and that when oil was reached he would have sufficient money to pay her.

It is admitted that the representations as to the Wyoming oil interests were made as claimed when the contract was signed, but Mrs. Walker disclaimed placing reliance upon them. As to the trust estate, Woodward testified that he told Mrs. Walker he was to receive only a small sum from that source; that he did receive it after the twenty

days had expired, and paid her therefrom $150.00. She testified, however, that Walker represented the amount to be received by him from the trust estate to be sufficient to pay the balance due on the property; that he was "sure to receive it, there was no supposition about it." The defendant himself testified that when he signed the contract he needed and wanted the house and could no longer arrange to rent it; that while he was not able to purchase upon the proposed terms, there was nothing else for him to do, so he signed the agreement. It is also to be noted that after the oil well had been abandoned and he had received all that was coming to him from the trust fund, thus wiping out all of his available assets, according to his own claim, and so making it absolutely impossible for him to complete the purchase, he still retained possession of the property, continued to make promises which he must have known he could not keep, and still retains it, despite the fact that all payments made by him have been exhausted in rent more than three times over.

The testimony as to the facts relied upon to establish the fraud and deceit is conflicting. It is ample, however, to support the findings of the trial court, taken in connection with the subsequent acts and conduct of the defendant, to the effect that when defendant signed the contract he was insolvent, knew himself to be so, and was utterly unable to fulfil the obligations thereby undertaken; and further that he so signed with the deliberate, wilful and malicious intent and purpose to overreach, cheat and defraud plaintiff. Since the findings of the court are supported by the proofs, in view of all the facts and circumstances surrounding the case, we are not warranted in disturbing the judgment, but feel that it ought in the interests of common fairness and justice to be, and it hereby is, affirmed.

MR. JUSTICE TELLER and MR. JUSTICE BURKE concur.